William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
445 S. Figueroa St., Suite 3100
Los Angeles, CA  90071-1635
Tel: 213-622-3003

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| FKA Distributing Co., LLC, d/b/a HoMedics<br><br>Plaintiff,<br><br>v.<br><br>Joicom Corporation d/b/a Renpho, Renpho USA, Inc., and Panatrade LLC<br><br>Defendant. | Case No. 5:23-cv-2116 _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, FKA Distributing Co., LLC d/b/a HoMedics ("HoMedics"), by and through its undersigned counsel, for its Complaint herein states as follows.

## I. PARTIES

1. Plaintiff FKA Distributing Co., LLC d/b/a HoMedics is a limited liability company organized under the laws of Michigan, having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390 (hereinafter "Plaintiff" or "HoMedics").

2. Upon information and belief, Defendant Joicom Corporation is a California company, having a principal place of business at 14129 The Merge Street, Building 3, Unit A, Eastvale, CA 92880 (hereinafter "Joicom").

3. Upon information and belief, Defendant Renpho USA, Inc. is a California corporation, having a principal place of business at 966 Sandhill Ave., Carson, CA 90746 (hereinafter "Renpho USA").

4. Upon information and belief, Defendant Panatrade LLC is a California limited liability company, having a principal place of business at 14129 The Merge Street, Building 3 Unit A, Eastvale, CA 92880 (hereinafter "Panatrade").

5. Joicom, Renpho USA, and Panatrade may hereinafter be referred to collectively as "Defendants" or "Renpho."

## II. JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

7. Upon information and belief, Defendants are subject to this Court's jurisdiction because Defendants continuously engage in substantial sales and other business transactions in this district. Defendants have sold infringing products, imported infringing products and/or committed infringing acts in this district. Furthermore, Defendants' headquarters and/or principal place of business are

located in the Central District of California. The United States District Court for the Central District of California therefore has *in personam* jurisdiction over Defendants.

8. Venue is proper in this district pursuant to 28 U.S.C. §1400(b).

### III.  THE INFRINGED PATENT

9. On May 25, 2010, U.S. Patent No. 7,722,553 ("the '553 patent") titled "Massage Apparatus" was duly and legally issued. (*See* Exhibit A, U.S. Patent No. 7,722,553). The '553 patent may hereinafter be referred to as the Patent-in-Suit.

10. HoMedics is the owner of all right, title and interest in the Patent-in-Suit, including the right to sue and recover for past infringement.

11. HoMedics is a leader in personal health and wellness products, including massagers sold under its HoMedics brand.

12. Upon information and belief, Defendants have knowledge of the Patent-in-Suit. Defendants are well-aware of HoMedics and its products. Defendants and HoMedics are also competitors for sales of certain products and/or product categories.

### IV.  COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,722,553

13. HoMedics realleges the preceding paragraphs as though set forth fully herein.

14. Upon information and belief, Defendants manage, own, and profit from sales through https://renpho.com, https://walmart.com,[1] and/or from sales on Amazon.com such as from the Amazon.com Renpho storefront.[2]

15. For example, Renpho has sold and/or is selling massagers under Amazon Standard Identification Numbers (ASINs) B08N6G5V4H, B08FCKFXB7, B07PNHGL87, B08Q8GDQP2, and/or B0833W5HM4.

16. Upon information and belief, the Renpho back, neck, shoulder, and chair massagers have the same configuration and operate the same.

17. Defendants make, use, offer for sale, import, and/or have sold in the United States massagers such as those described above (hereinafter "Heated Shiatsu Massagers"). Defendants' activities directly infringe, induce others to infringe, and/or contributorily infringe the '553 patent.

18. By making, using, offering for sale, and/or selling Heated Shiatsu Massagers in the United States, or contributing and/or inducing others to make, use, offer for sale, or sell, Defendants are infringing at least claim 1 of the '553 patent, under at least 35 U.S.C. § 271(a), (b), and/or (c).

---

[1] *See e.g.,* https://www.walmart.com/ip/RENPHO-Shiatsu-Neck-and-Back-Massager-with-Heat-Height-Adjustable-for-Neck-Back-Waist-Hips-FSA-and-HSA-Eligible-White/410973320?athbdg=L1600&from=/search, https://www.walmart.com/ip/RENPHO-Shiatsu-Back-Massager-with-Heat-and-Vibration-for-Shoulder-Waist-Hips-Home-Office-FSA-and-HSA-Eligible-Black/802130078?athbdg=L1600&from=/search, https://www.walmart.com/ip/Renpho-Shiatsu-Neck-Shoulder-Back-Massager-Heat-Deep-Tissue-3D-Kneading-Massage-Pillow-Pain-Relief-Waist-Leg-Calf-Foot-Arm-Belly-Full-Body-Muscles/793515130?athbdg=L1700&from=/search, https://www.walmart.com/ip/RENPHO-Back-Massager-with-Heat-Shiatsu-Massage-Cushion-with-Heat-for-Home-Office-Use-FSA-and-HSA-Eligible-Black/623045352?from=/search, https://www.walmart.com/ip/RENPHO-Back-Neck-Massager-with-Heat-Shiatsu-Massage-Pillow-with-Deep-Tissue-Kneading-Gifts/671058993?from=/search.

[2] *E.g.,* https://www.amazon.com/stores/RENPHO/page/E2A21CE0-037D-47DE-8EAF-445B25A8875A?ref_=ast_bln.

19. For example, the Heated Massagers infringe at least claim 1 of the '553 patent, which states:

> 1. A heat therapy apparatus comprising:
>
> a housing;
>
> a substrate mounted to the housing for rotation relative thereto;
>
> a heater mounted to the substrate for providing a heat therapy effect from the substrate;
>
> a pair of conductive contacts each mounted to one of the substrate and the housing; and
>
> a pair of conductive brushes each mounted to the other of the substrate and the housing in engagement with one of the contacts for maintaining engagement during rotation of the substrate relative to the housing;
>
> wherein at least two of the contacts and brushes are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

20. The Heated Shiatsu Massagers are marketed as, sold in packaging and/or, are provided with instructions that indicate the massagers include a "Heat Function" and/or "113°F/45°C Infrared heating temperature." The marketing, packaging, and/or instructions also recite the massagers provide a "Shiatsu Massage" with deep tissue kneading and heat.

21. The massagers include a housing as well as a rotating substrate and heater mounted to the substrate. For instance, a substrate for rotation relative to the housing is shown below.



22. Below, the Heat Shiatsu Massager is further disassembled (to the right) to show the infrared heaters, which are in electrical communication with the brushes via red and black wires.



23. When assembled the brushes maintain contact with conductive contacts on the housing through continuous rotation to conduct electricity to the heater.



24. The conductive brushes are mounted to the substrate and connected to a heater mounted to the substrate. Each of the conductive brushes is in engagement with one of the annular contacts for maintaining engagement during rotation of the substrate relative to the housing.

25. As shown, the Heated massagers each include two conductive brushes that when assembled are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

26. Defendants import, offer for sale, and/or sell numerous products that infringe at least claim 1 of the '553 patent, including without limitation those described above. Defendants' activities also constitute infringement of other claims of the '553 patent. HoMedics has suffered damages as a result of the infringing activities of Defendants, and HoMedics will continue to suffer such damages as long as those infringing activities persist.

27. Defendants were put on actual notice of infringement of the '553 patent at least as early as February 28, 2023.

28. Even though Defendants have notice of the '553 patent, Defendants continue their infringement of the '553 patent. Moreover, given the parties' competitive status and similarities to HoMedics products, it is reasonable to infer that Defendants also copied from HoMedics. Defendants' infringement has been willful, wanton, and deliberate.

29. Defendants have been, and still are, infringing, actively inducing others to infringe, and contributorily infringing the '553 patent. For example, Defendants induce or contribute to others' infringement by the instructions provided for operating its Heat Shiatsu Massagers.

30. HoMedics expects that further evidentiary support for these infringement allegations will be shown upon additional examination and after a reasonable opportunity for further investigation and discovery. Furthermore, HoMedics expects that other products of Defendants also infringe claims of the '553 patent.

31. HoMedics has suffered damages as a result of the infringing activities of Defendants and will continue to suffer such damages as long as those infringing activities continue.

32. HoMedics has been, and will continue to be, irreparably harmed by Defendants' infringing conduct unless Defendants are enjoined by this Court.

33. HoMedics has no adequate remedy at law.

## V. DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A. Declaring that Defendants have infringed the claims of the '553 patent and that such infringement has been and continues to be willful;

B. Preliminary and permanently enjoining and restraining Defendants, its officers, directors, employees, agents, servants, successors, and assigns, and any and all persons acting in privity or in concert with Defendants, from further infringement of the '553 patent;

C. Awarding Plaintiff its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorneys' fees and costs and disbursements in this action; and

E. Granting to Plaintiff such other and further relief as this Court deems reasonable.

## VI. DEMAND FOR JURY TRIAL

HoMedics respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

DATED: October 16, 2023

By:  /s/William E. Thomson, Jr.
William E. Thomson, Jr. (CA SBN 47195)
**BROOKS KUSHMAN P.C.**
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071-1635
Telephone:  (213) 622-3003
wthomson@brookskushman.com

*Attorneys for Plaintiff*